IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.    : | Criminal Action No. 6:05-cr-17 (HL) |
| : | |
| **W. DEXTER HARRISON,** : | |
| : | |
| Defendant. : | |
| _____ | |

## **ORDER**

This matter is before the Court for determination of the amount of mandatory restitution, if any, to be assessed against Defendant Dexter Harrison and to finalize the Judgment as to him. For the reasons set forth below, the Court finds Harrison is responsible for the amount of $319,145.10, jointly with Defendant Martin Harrell, and individually responsible for the amount of $147,523.19.

Harrison was indicted for the offenses of arson, mail fraud, making misleading statements, and conspiracy to commit arson and mail fraud. The charges stemmed from a fire at a Ramada Limited hotel owned by Harrison. After the fire, Harrison submitted a claim for payment to his insurance company, St. Paul Fire & Marine Insurance Co. St. Paul paid the claim from the fire, but Harrison and St. Paul had a dispute about the value of the repairs completed on the building. Harrison later filed a civil lawsuit against St. Paul as a result of his disagreement as to the value of the repairs. St. Paul ultimately paid $319,145.10 toward repair of the building and $147,523.19 in attorney's fees to defend the civil lawsuit.

Following a jury trial, Harrison was found guilty as to all four of the offenses with which

he was charged. In preparation for sentencing, the United States Probation Office submitted a Presentence Investigation Report. The Probation Office recommended that restitution in the amount of $319,145.10 be ordered. The restitution amount reflected the amount paid by St. Paul for the repairs to the Ramada Limited. The Government filed an objection to the Presentence Investigation Report [Doc. 335], in which it argued that Harrison should also be ordered to pay restitution in the amount of $147,523.19, for the attorney's fees incurred by St. Paul in defending the lawsuit brought against it by Harrison.

Harrison filed a Sentencing Memorandum [Doc. 336], in which he addressed the recommendations presented in the Presentence Investigation Report. The Sentencing Memorandum did not address the recommendation as to restitution. Harrison did not file a written response to the Government's request that he be ordered to pay additional restitution.

Harrison was brought before the Court for sentencing on July 20, 2006. At the sentencing, the Court deferred ruling on the amount of restitution to be ordered, as permitted by 18 U.S.C. § 3664(d)(5). The Court gave the parties 30 days in which to file written briefs on the topic. No briefs were filed within the time directed. The Court then gave the parties an additional 10 days in which to brief the matter. Only the Government responded during the additional 10-day period. In its filing, the Government reasserted its position that Harrison should be ordered to pay the $319,145.10 that was paid by St. Paul and should also be ordered to pay $147,523.19 in attorney's fees, for a total restitution amount of $466,668.29.

The Court finds the arguments put forth by the Government persuasive as to the amount of restitution to be ordered. The losses incurred by St. Paul, both the $319,145.10 paid out

under the policy, as well as the $147,523.19 paid to defend the lawsuit, resulted from Harrison's scheme to have the hotel burned and to then collect the insurance proceeds and, therefore, were the direct result of Harrison's criminal conduct.  St. Paul would not have been obliged to pay under its policy for repairs to the building but for Harrison's acts of arranging for the arson and the submission of the insurance claim.  Similarly, had it not been for Harrison's wrongful acts related to the arson and the mail fraud, the dispute on which Harrison based his lawsuit and which St. Paul was called upon to defend would never have occurred.

In view of the foregoing, the Court finds that $466,668.29 is an appropriate restitution amount as to Dexter Harrison.  Therefore, it is hereby ordered that Dexter Harrison shall pay restitution in the amount of $319,145.10 to St. Paul Fire and Marine Insurance Company. Liability for such restitution is joint and several with Harrison's co-Defendant, Martin Harrell.  *See* 18 U.S.C. § 3664(h).  It is further ordered that Dexter Harrison shall pay restitution in the amount of $147,523.19 to St. Paul Fire and Marine Insurance Company.  The Court finds that Dexter Harrison has sufficient financial resources to enable him to make a lump sum payment of the restitution amount. The full amount of the restitution, $466,668.29, is to be paid by Dexter Harrison not later than 30 days after his conviction becomes final.[1]

---

[1] With respect to when a conviction becomes final, the United States Court of Appeals for the Eleventh Circuit recently stated the following:

> In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir.2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of [his] conviction or sentence. First, if, following the disposition of [his] direct appeal, a federal prisoner files a petition for a writ of certiorari with the [ ] Supreme Court, the conviction becomes final when the Supreme Court either

**SO ORDERED**, this the 10th day of October, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls

---

denies certiorari or issues a decision on the merits. See <u>Washington v. United States</u>, 243 F.3d 1299, 1300 (11th Cir.2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of [his] direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal. *See* <u>Clay v. United States</u>, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003).

<u>Ramirez v. United States</u>, No. 05-10010, 146 Fed. Appx. 325, *326, 2005 WL 1706142, *1 (11th Cir. 2005) (unpublished opinion).