IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **W. DEXTER HARRISON,** | |
| Petitioner, | |
| v. | Case No. 1:07-CR-45 (HL) |
| **UNITED STATES OF AMERICA,** | 28 U.S.C. § 2255 |
| Respondent. | |

**ORDER**

Before the Court are Petitioner's Motion to Alter or Amend Order Pursuant to Federal Rule of Civil Procedure 59 (Doc. 677) and his Motion to Expand the Record under Rule 7 to Include the Affidavit of Donald F. Samuel, Esquire (Doc. 678). Petitioner's motions are denied.

In his Rule 59 motion, Petitioner asks the Court to alter or amend its Order (Doc. 675) denying a certificate of appealability ("COA") for the Court's earlier denial of his Rule 60 motion after the dismissal of his habeas petition. In support of the Rule 59 motion, Petitioner moves for the Court to admit into the record an affidavit from his previous counsel, Donald Samuel.

**I.     Rule 59 Motion to Alter or Amend the Judgment**

Petitioner's Rule 59 motion is denied. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation and punctuation

omitted). Such a motion may not be used "to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). Petitioner does not meet the Rule 59 standard with either of his arguments.

Petitioner first asks the Court to alter its judgment in light of a recent Supreme Court decision, but the argument is misplaced. In McQuiggin v. Perkins, the Supreme Court recognized an equitable exception to the one-year statute of limitations for habeas petitions where a petitioner raises "a convincing claim of actual innocence." ____ U.S. ____, 133 S.Ct. 1924, 1933-35, 185 L.Ed.2d 1019 (2013). The Supreme Court cautioned that convincing claims of actual innocence would be "rare" and that the timing of the claim would bear on a court's assessment of its credibility. Id. at 1928, 1935-36. Because Petitioner has never made a claim of actual innocence at the habeas stage, he has failed to show how the McQuiggen holding would bear on this Court's denial of a COA.

Petitioner's argument for his motion based on purportedly newly-discovered evidence is also unconvincing. The affidavit of Petitioner's erstwhile lawyer does not constitute "newly-discovered evidence" that would convince this Court that its previous Order was in manifest error. Samuel represented Petitioner on direct appeal of his conviction and also filed his habeas petition.

Petitioner contends Samuel suffered from an undisclosed conflict of interest in filing the petition because Samuel had made errors in the direct appeal that unconflicted counsel would have formed into a claim of ineffective assistance of counsel. Petitioner now wishes to add such a claim to his petition.

Samuel's affidavit states that he failed to discuss with Petitioner "the implication in footnote 3" of the Eleventh Circuit's decision affirming Petitioner's conviction and any possible conflict of interest therefrom. (Doc. 678-1, ¶¶4-5). The Eleventh Circuit had noted that, after the trial court admitted testimony from the wife of Petitioner's co-conspirator, his trial counsel did not move to sever his trial from the co-conspirator's, did not ask for a limiting instruction on the testimony, and did not cross examine the wife again. United States v. Harrison, 246 F. App'x 640, 653 n. 3 (11th Cir. 2007). Since Samuel did not raise these issues on appeal, they were waived. Id. Petitioner now argues the failure to appeal on the issues of severance and the lack of a limiting instruction rendered Samuel's performance ineffective under the Sixth Amendment, and a viable claim of ineffective appellate representation could have been included in the habeas petition.[1]

---

[1] Petitioner also claims an attorney who did not have a conflict of interest would have included a claim for ineffective assistance of trial counsel in the habeas petition for the decisions made at trial. This assertion is meritless on its face. Samuel did not represent Petitioner at trial, so no possible conflict of interest would have prevented him from including mistakes by trial counsel in the habeas petition.

The problem in Petitioner's argument is that he has not actually submitted any evidence that Samuel provided ineffective assistance of counsel. Such claims "require the petitioner to show both that his attorneys' performance was defective and that their deficient performance prejudiced his defense." LeCroy v. United States, _____ F.3d _____, No. 12-15132, 2014 WL 129022, at *11 (11th Cir. Jan. 15, 2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). There is a strong presumption that an attorney "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. A petitioner must establish that his attorney's performance was "outside the wide range of reasonable professional assistance" and that there was "a reasonable probability, that, but for counsel's unprofessional errors, the result of the proceeding would have been different." LeCroy, _____ F.3d _____, 2014 WL 129022, at *11 (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) and Strickland, 466 U.S. at 694).

Samuel's decision not to appeal on the failure to sever the defendants' trials and the failure to provide a limiting instruction on the wife's testimony does not indicate his performance was deficient.  Because Petitioner's trial counsel did not move for severance and did not ask for a limiting instruction at trial, any appeal of Petitioner's conviction on these issues would have been subject to a

heavier burden of proof. See United States v. Butler, 792 F.2d 1528, 1534 (11th Cir. 1986) (noting that a "defendant who fails to move for a separate trial…[must show on appeal] that he suffered actual prejudice as a result of the joint trial" and a severance decision "is within the sound discretion of the trial judge"); United States v. Churchwell, 465 F. App'x 864, 865 (11th Cir. 2012) (observing that a party's failure to request a limiting instruction on testimony means the omission of a limiting instruction is only subject to plain error review). "'[W]innowing out' weaker arguments on appeal, so to focus on those more likely to prevail, is the 'hallmark of effective appellate advocacy.'" Hargrove v. Solomon, 227 F. App'x 806, 808 (11th Cir. 2007) (quoting Smith v. Murray, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)). Petitioner has not shown how Samuel's decision to focus the appeal on other issues besides severance and the absence of a limiting instruction was anything other than a strategic calculation.

Even if Samuel's performance as Petitioner's counsel had been deficient, Petitioner has not shown that the appeal of his conviction would have been successful if he had had effective counsel. Samuel's affidavit is, at most, evidence he failed to fully discuss the Eleventh Circuit's holding with Petitioner, not proof his performance as appellate counsel fell below the Strickland standard or that Petitioner's likelihood of succeeding on appeal was prejudiced thereby. Because Petitioner has not produced "newly-discovered evidence" that Samuel

provided ineffective assistance of counsel on appeal, this Court finds that Samuel did not suffer under a conflict of interest when filing Petitioner's habeas petition. Because no manifest error of law or fact occurred, the Rule 59 motion is denied.

The Court certifies that Petitioner has failed to make a substantial showing that he has been denied a constitutional right and denies his request for a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## II. Rule 7 Motion to Expand the Record

For the foregoing reasons, Petitioner's motion to expand the record to include Samuel's affidavit is also denied. The Court certifies that Petitioner has failed to make a substantial showing that he has been denied a constitutional right and denies his request for a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

**SO ORDERED**, this the 10th day of February, 2014.

***s/ Hugh Lawson***
**HUGH LAWSON, SENIOR JUDGE**

scr